UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
************************
                         *
HARVEY MARLIN,           *
        Plaintiff,       *
                         *
v.                       *   CIVIL ACTION NO. 05CV11009-REK
                         *
DANVERS DEMOULAS         *
MARKET BASKET,           *
        Defendant.       *
                         *
************************
```

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY CLAIM

The Defendant, Danvers DeMoulas Market Basket (hereinafter "Defendant"), in the above-entitled action hereby responds to the Plaintiff's Complaint as follows:

### The Parties and Jurisdiction

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are denied.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint are admitted.

## COUNT I
### (Negligence)
### (Harvey Marlin v. Danvers DeMoulas Market Basket)

5. The allegations contained in Count I, Paragraph 5 are admitted in part. The Defendant admits that, on or about July 15, 2004, the Plaintiff was upon the premises of a supermarket operated by DeMoulas Super Markets, Inc. in Danvers, Massachusetts. The Defendant further admits that an employee of DeMoulas Super Markets, Inc. found the Plaintiff on the floor of the men's room of said supermarket. The Defendant denies any allegations that it owned or operated the subject supermarket. Moreover, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Count I, Paragraph 5 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

6. The allegations contained in Count I, Paragraph 6 of the Plaintiff's Complaint can be neither admitted nor denied as they state legal conclusions rather than factual assertions. To the extent that an answer may be required, the allegations contained in Count I, Paragraph 6 of the Plaintiff's Complaint are denied.

7.  The allegations contained in Count I, Paragraph 7 of the Plaintiff's Complaint can be neither admitted nor denied as they state legal conclusions rather than factual assertions. To the extent that an answer may be required, the allegations contained in Count I, Paragraph 7 of the Plaintiff's Complaint are denied.

8.  The allegations contained in Count I, Paragraph 8 of the Plaintiff's Complaint can be neither admitted nor denied as they state legal conclusions rather than factual assertions. To the extent that an answer may be required, the allegations contained in Count I, Paragraph 8 of the Plaintiff's Complaint are denied.

The Defendant repeats and incorporates herein by reference its answers to Paragraphs 1 through 8 of this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1) based on lack of subject matter

jurisdiction in that the matter in controversy does not exceed the jurisdictional amount for diversity jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(2) based on lack of jurisdiction over the person of the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(4) based on insufficiency of process.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(5) based on insufficiency of service of process.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(8) based on misnomer of party, the true name of the Defendant being DeMoulas Super Markets, Inc.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed because the claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint should be dismissed because the claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third-party for whose conduct the Defendant is not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of the Plaintiff is greater than the negligence of the Defendant. Alternatively, any recovery by the Plaintiff must be reduced by the percentage of negligence attributable to him in accordance with M.G.L. Chapter 231, Section 85.

**TENTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Plaintiff's failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defenses by appropriate motion.

## JURY CLAIM

**THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

                Respectfully Submitted,
                The Defendant,
                **DANVERS DEMOULAS MARKET BASKET,**
                By its Attorneys,

                _____
                Chrisann Leal, BBO #566402
                Timothy J. Hlavac, BBO #632788
                **CURTIN, MURPHY & O'REILLY, P.C.**
                55 Summer Street, 10th Floor
                Boston, Massachusetts 02110
                (617) 574-1700

### Certificate of Service

I herewith certify that on July 6, 2005, I served the within pleading on all parties by mail, postage prepaid, to:

Joseph G. Abromovitz, Esquire
858 Washington Street, 3rd Floor
Dedham, Massachusetts   02026

                _____
                Chrisann Leal